**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and ARTHUR H. BUNTE, JR.,** <br><br> Plaintiffs, <br><br> v. <br><br> **ROBERT V. BERGQUIST,** <br><br> Defendant. | **Case No. 17 C 2054** <br><br> **Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bergquist's Motion for Change of Venue due to *Forum Non Conveniens* Pursuant to Section 1404 [ECF No. 13]. For the reasons stated herein, the Court denies Bergquist's Motion.

### I.  BACKGROUND

Central States, Southeast and Southwest Areas Pension Fund and one of its trustees, Arthur H. Bunte, Jr. (collectively, the "Fund"), brought suit against Robert V. Bergquist ("Bergquist"), alleging certain transfers from his former company were made to evade or avoid withdrawal liability in violation of Section 1392(c) of Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pensions Plan Amendments Act of 1980 (hereinafter, "ERISA"), 29 U.S.C. § 1001 *et seq.,* and in

violation of Michigan's Uniform Fraudulent Transfer Act, Mich. Comp. Laws § 566.31 *et seq.*

Defendant Bergquist was the officer and director of Genesee-Bay Constructors Inc. ("Genesee-Bay"), a Michigan corporation. (Compl. ¶ 23.) Genesee-Bay was bound by a collective bargaining agreement to make contributions to the Fund. (*Id.* ¶ 10.) In January 2005, Bergquist sold all his interest in Genesee-Bay back to the company and resigned as officer and director by entering into a Stock Redemption Agreement where Genesee-Bay agreed to pay Bergquist $750,000 pursuant to a promissory note for his ownership interest. (*Id.* ¶¶ 24-26.) In June 2011, Genesee-Bay effected a "complete withdrawal" from the pension fund, resulting in a withdrawal liability to the Fund under ERISA, none of which was paid and remains outstanding to date. (*Id.* ¶¶ 11-14.) On August 15, 2014, Genesee-Bay assigned all its assets to Bergquist, allegedly to pay on the promissory note executed in 2005. (*Id.* ¶ 50.) A few weeks later, the Fund obtained a judgment of $232,720.51 against Genesee-Bay for withdrawal liability under ERISA. (*Id.* ¶¶ 16, 51.) The Fund brings this action, alleging that Genesee-Bay assigned its assets to Bergquist to avoid paying its withdrawal liability in violation of ERISA and Michigan's Uniform Fraudulent Transfer Act. (*Id.* ¶¶ 54-62.)

The crux of this Motion is not about the merits of the lawsuit, but about where the lawsuit should take place. Bergquist resides in Arenac County, Michigan, which lies within the jurisdiction of the District Court of the Eastern District of Michigan. (Answer ¶ 5.) The Fund is administered in Rosemont, Illinois, which lies within the jurisdiction of the Eastern Division of the Northern District of Illinois. (Compl. ¶ 3.) Bergquist moves to transfer this case to the Eastern District of Michigan due to *forum non conveniens* pursuant to 28 U.S.C. § 1404.

## II. DISCUSSION

### A. Transfer under Section 1404

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer under § 1404(a) is appropriate if (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *See, id.*

#### *1. Proper Venue*

The parties agree that venue is proper in both the Northern District of Illinois, where the Fund is administered, and the Eastern District of Michigan, where Bergquist resides. *See,* 29

U.S.C. § 1132(e)(2). Thus, resolution of Bergquist's Motion therefore turns on the last two factors—convenience and the interest of justice.

### *2. Convenience Factors*

The convenience analysis considers five factors: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties." *Cent. States, Se. & Sw. Areas Pension Fund ("Cent. States") v. Ehlers Dist. Inc.*, No. 11 C 2691, 2012 WL 581246, at *2 (N.D. Ill. Feb. 22, 2012) (citation omitted). Because Section 1404(a) does not specify the weight to be accorded each factor, whether to grant a motion to transfer is left to the discretion of the court. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). However, it is inappropriate to transfer a case if doing so would have no effect other than to shift the inconvenience from one party to the other. *Fink v. Declassis,* 738 F. Supp. 1195, 1198 (N.D. Ill. 1990). The Court considers each factor in turn.

### *a. Plaintiff's Choice of Forum*

This Motion must be considered "against a backdrop of judicial and congressional deference to an ERISA plaintiff's choice of forum." *Trustees of Hotel Emp. & Rest. Emp. Int'l Union*

*Welfare Pension Fund v. Amivest Corp.*, 733 F. Supp. 1180, 1182 (N.D. Ill. 1990) (citations omitted). "This is due to the fact that 'Congress enacted a special venue provision to allow multiemployer pension plans to bring suit where they are administered in order to most efficiently collect delinquent contributions.'" *Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Bhd. Labor Leasing,* No. 93 C 1803, 1993 WL 385133, at *2 (N.D. Ill. Sept. 27, 1993) (quoting *Cent. States v. Landvatter,* No. 89 C 5228, 1989 WL 135075, at *1 (N.D. Ill. Oct. 27, 1989)). "In expressly allowing multiemployer pension funds to bring enforcement actions in the judicial district where they are administered, Congress 'sought to protect the integrity of benefit plans by encouraging them to proceed in a manner that most efficiently collects delinquent contributions. Because the expense of a contribution enforcement action is passed to the beneficiaries of the pension plan, it would be counterproductive to require the plans to prosecute their cases in the foreign districts where the contributing employers reside.'" *Ehlers,* 2012 WL 581246, at *2 (quoting *Cent. States v. Lewis & Michael, Inc.,* 992 F. Supp. 1046, 1049 (N.D. Ill. 1998)).

Thus, "[i]n an ERISA case . . . the plaintiff's choice of venue is given substantial deference, and the court will not disturb it unless it is clearly outweighed by other factors."

*Cent. States v. Davidson,* No. 06 C 6979, 2007 WL 722889, at *1 (N.D. Ill. Mar. 8, 2007) (citation omitted). Granting transfer in ERISA cases would "increase[] litigation costs, dilute[] the pension fund's assets and encourage[] the use of § 1404(a) as a way of avoiding obligations to the pension fund. ERISA was enacted to protect the integrity of employee benefit plans and the well being of participants and beneficiaries." *Cent. States v. Mills Investments, LLC,* No. 11 C 3297, 2011 WL 4901322, at *2 (N.D. Ill. Oct. 14, 2011) (internal citations omitted). Accordingly, the Fund's wish to proceed with the case in this District "will not be overturned absent a grave imbalance of convenience." *Cent. States v. Advance Plumbing & Heating Supply Co.,* No. 89 C 6687, 1990 WL 6826, at *2 (N.D. Ill. Jan. 4, 1990); see also, *Amivest Corp.,* 733 F. Supp. at 1183. Based on these policy considerations, the plaintiff's choice of venue here weighs heavily on the side of denying transfer.

### b. Situs of the Material Events

The material events in this case occurred primarily in Michigan. Bergquist resides in Michigan and Genesee-Bay was a Michigan corporation which presumably did business in Michigan as well. (Answer ¶¶ 5, 9.) The events involving its dissolution and the transfers at issue all occurred in Michigan. (Compl. ¶¶ 24-27,

50, 53.) Thus, this factor weighs on the side of granting transfer.

### c. Convenience of Witnesses

Similarly, the majority of the witnesses reside in Michigan due to the fact that the important events occurred there. (*See, id.*) Thus, this factor also weighs in favor of granting transfer.

### d. Relative Ease of Access to Sources of Proof

The relative ease and access to sources of proof is a neutral factor given the ease of transferring electronic documents. Neither party argued any particular difficulty in bringing critical documents to either district. *See, Cent. States v. Salasnek Fisheries, Inc.*, 977 F. Supp. 888, 891-92 (N.D. Ill. 1997).

### e. Convenience of Parties

Bergquist is unable to travel to Chicago due to his age and medical conditions. (Bergquist Aff. ¶ 10, Ex. 2 to Def.'s Mem. in Supp. Mot. to Transfer, ECF No. 13.) He has a pacemaker, suffers from chronic obstructive pulmonary disease, and is in the beginning stages of renal failure. (*Id.*) Due to Bergquist's medical condition, it is difficult or impossible for him to travel to testify. On the other hand, the Fund's convenience for this litigation is supported by the strong policy considerations discussed above. *Mills Invs.*, 2011 WL 4901322, at *2. Any

increase in litigation cost is felt directly by the beneficiaries' of the Fund, which is why Congress expressly allowed suit to be brought in the district where the Fund is administered–in this case, the Eastern Division of the Northern District of Illinois. *See, id.* As such, the Court finds this factor has strong arguments for both parties and concludes that it weighs slightly in favor of transfer.

*     *     *

In summation, the Fund's choice of forum weighs strongly in favor of denial; the situs of material events and convenience of the witnesses and parties weighs in favor of transfer; and the access to sources of proof is neutral. Taken altogether, Bergquist is unable to make a showing that overcomes Congress's stated preference to allow the Fund to bring a lawsuit in its own jurisdiction.

The Fund cites ample case law from this district denying motions to transfer in the context of ERISA cases. *See, Ehlers,* 2012 WL 581246, at *3 (denying motion to transfer from the district where the Fund was administered under Section 1404); *Mills Invs.,* 2011 WL 4901322, at *4 (same); *Cent. States v. LaCasse,* 254 F. Supp.2d 1069, 1073 (N.D. Ill. 2003) (same); *Lewis & Michael, Inc.,* 992 F. Supp. at 1048 (same); *Salasnek Fisheries, Inc.,* 977 F. Supp. at 892 (same); *Bhd. Labor Leasing,* 1993 WL

385133, at *4 (same); *Cent. States v. Blue Ridge Trucking Co.,* No. 91 C 824, 1991 WL 140100, at *1 (N.D. Ill. July 24, 1991) (same); *Amivest Corp.,* 733 F. Supp. at 1183 (same); *Advance Plumbing,* 1990 WL 6826, at *2 (same); *Landvatter,* 1989 WL 135075, at *2 (same).

In response to this voluminous case law, Bergquist cites to three cases. Two of those cases are not in the ERISA context and the Court finds them distinguishable on that basis. *See, Environmental Services, Inc. v. Bell Lumber & Pole, Co.,* 607 F. Supp. 851, 853 (N.D. Ill. 1984); *Midwest Precision Services v. PTM Indus. Corp.,* 574 F. Supp. 657, 659 (N.D. Ill. 1983). That leaves the third case upon which Bergquist primarily relies. In *Hanley v Omarc, Inc.,* 6 F. Supp.2d 770, 772-73 (N.D. Ill. 1998), a pension fund brought an ERISA action alleging defendants failed to make the required monthly contributions to the fund. The Court granted the defendants' motion to transfer venue even though the same ERISA venue considerations were present partially because there was a serious question of whether the fund could establish personal jurisdiction over the defendants. *Id.* at 777. The Court transferred the case to "save scarce federal judicial resources" litigating personal jurisdiction where the defendants had no contact with the jurisdiction. *Id. Hanley* is distinguishable because no personal jurisdiction question is present here. *See,*

*id.* Furthermore, this single case is not able to overcome the ample, relevant authority cited by the Fund. A defendant must show "a grave imbalance of convenience" to overcome Congress's express intent to allow pension plans to litigate cases where the plan is administered. *Advance Plumbing,* 1990 WL 6826, at *2; *see also, Amivest Corp.,* 733 F. Supp. at 1183. The Defendant has not shown such an inconvenience here.

Bergquist's primary and sympathetic contention is that his serious health issues make his case different than the cases discussed above. Yet the defendants in *LaCasse* argued similarly that their old age made it especially inconvenient for them to travel to litigate the case. The court there "recognize[d] that travel is a special challenge for older people," but still denied the defendants' transfer motion, reasoning that permitting transfer "would thwart Congress' intent to prevent the costs of litigation from coming out of pensioners' pockets." *LaCasse,* 254 F. Supp.2d at 1073; *see also, Landvatter,* 1989 WL 135075, at *2 (denying transfer where 74-year-old defendant was unable to travel due to medical conditions). Granted, Bergquist's medical conditions are substantially more serious, but the underpinning policy considerations against transfers in ERISA cases are the same.

Additionally, as the Fund points out, Bergquist's inconvenience can be mitigated.  First, any depositions of Bergquist (or other witnesses) would occur in Michigan.  *See,* FED. R. CIV. P. 45(c).  Second, Bergquist is represented by counsel and thus does not need to appear regularly at court hearings.  If he wishes to do so, he can request a telephonic appearance.  If this case does go to trial, Bergquist may renew his Motion to Transfer and the Court will reconsider his request.  *See, Landvatter,* 1989 WL 135075, at *2 (denying transfer without prejudice due to medical conditions).

Bergquist also argues that this is not *really* an ERISA case, because it is not a case of the Fund seeking a withdrawal liability judgment; rather, the Fund is seeking to collect money paid from Genesee-Bay to Bergquist.  The core of this lawsuit is whether the transfer was valid or whether it was made to evade paying Genesee-Bay's judgment for withdrawal liability under ERISA.  Certainly, the parties have different answers to that question.  For the purposes here, this lawsuit is an ERISA case. Several cases discussed above involve nearly the exact same factual scenario here.  *See, e.g., LaCasse,* 254 F. Supp.2d at 1070-71 (alleging defendants were liable for company's withdrawal liability because transfers were fraudulent); *Ehlers,* 2012 WL 581246, at *3 (alleging transfers to defendant violated Sections

1421(c) and 1392(c) of ERISA because the transfers were fraudulent and were intended to evade or avoid withdrawal liability). The alleged facts are sufficient for ERISA's public policy to come into play.

The Court is persuaded by the reasoning of the ample case law cited by the Fund. These cases deny transfer, noting that although witnesses and information may be more convenient in a different district, ERISA expresses Congress's intent to allow Funds to protect their assets by litigating in their home forum. The Court finds this case law persuasive and finds that the convenience factors, when considered in total, fall in favor of the Fund.

### 3. *Interests of Justice*

The Court need not consider the last prong in depth. The interest of justice factor is a "separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir. 2010). "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale;

and the relationship of each community to the controversy." *Id.* (internal citations omitted).

Bergquist, the movant, did not argue that any of these factors support transfer and the Court finds that none of the interest-of-justice factors weigh so strongly in favor of transfer that they override the reasoning discussed above. *Cf. Dugan v. M & W Dozing & Trucking, Inc.,* 727 F. Supp. 417, 419 (N.D. Ill. 1989) ("The interests of justice weigh heavily against transfer. Congress provided multi-employer funds with a nationwide choice of forum in order to allow them to protect their beneficiaries from the costs of far-flung litigation.")

### III. CONCLUSION

For the reasons stated herein, Bergquist's Motion to Transfer Pursuant to 28 U.S.C. § 1404 [ECF No. 13] is denied.

**IT IS SO ORDERED.**

    Harry D. Leinenweber, Judge
    United States District Court

Dated:  2/22/18